UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENOK MHRTAB,<br>Petitioner,<br>v.<br>TODD BLANCHE et al.,<br>Respondents. | CASE NO. 2:26-cv-03115-JHC<br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Petitioner Henok Mhrtab's Petition for Writ of Habeas Corpus. Dkt. # 5. The Court has considered the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition. Dkt. # 5.

## II
## BACKGROUND

Petitioner is a native and citizen of Eritrea. Dkt. # 9 at 1. He entered the United States on or about December 4, 2019, and applied for admission, stating fear of removal. Dkt. # 9 at 1; *see also* Dkt. # 10-5 at 3. Petitioner was detained and ultimately ordered removed to Eritrea by

an Immigration Judge (IJ) on June 16, 2020. Dkt. # 9 at 2. Petitioner timely appealed this decision to the Board of Immigration Appeals (BIA), and he was released on parole on October 28, 2020. Dkt. # 9 at 2. On May 10, 2021, the BIA dismissed Petitioner's appeal, making Petitioner's removal order administratively final.[1] Dkt. # 10-1 at 2. On June 8, 2021, Immigration and Customs Enforcement (ICE) placed Petitioner on an Order of Supervision (OSUP) without re-detaining him. Dkt. # 10-1.

On June 21, 2026, after an alleged accidental entry into Canada, Petitioner attempted to re-enter the United States in Blaine, Washington. Dkt. # 9 at 3; *see also* Dkt. # 10-3; Dkt. # 13. U.S. Customs and Board Patrol (CBP) determined Petitioner was inadmissible and subject to a final order of removal and arrested him. Dkt. # 9 at 2; *see also* Dkt. ## 10-4, 10-5. The next day, Petitioner was transferred to the Northwest ICE Processing Center where he remains. Dkt. # 9 at 2.

Petitioner filed his habeas Petition on September 1, 2026. *See* Dkt. # 1. Two weeks later, on September 15, 2026, ICE "submitted Petitioner's travel document request packet to headquarters." Dkt. # 9 at 3. Petitioner says that no official has spoken with him about filling out paperwork or assisting in an application for travel documents. Dkt. # 12 at 1-2.

## III

## Discussion

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th

[1] On September 28, 2021, the United States Court of Appeals for the Fifth Circuit dismissed Petitioner's petition for review. Dkt. # 10-2.

Cir. 2004). In addition to other claims for relief, Petitioner says his detention is unlawful because there is not a significant likelihood of removal in the reasonably foreseeable future. Dkt. # 5 at 12-15.

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens subject to a removal order, such as Petitioner. Under § 1231(a), to facilitate removal the Government must hold a noncitizen in custody during the 90-day "removal period" after entry of a final removal order. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2); *see also Zadvydas*, 533 U.S. at 682. After the removal period expires, the Government "may" continue to detain a noncitizen who remains in the United States, but it cannot do so indefinitely. 8 U.S.C. § 1231(a)(6); *see also Zadvydas*, 533 U.S. at 682, 701.

In *Zadvydas*, the Supreme Court held that § 1231 "limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* at 689. The Supreme Court determined that it is "presumptively reasonable" for the Government to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual. *Id.* at 701; *see also Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1100 & n.5 (9th Cir. 2001) (holding "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of six months after a final order of removal—that is, three months after the statutory removal period has ended."). "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The six-month period does not mean petitioner is entitled to relief, but "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to

shrink." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.* at 699-701.

In this case, the removal period began when Petitioner's removal order became administratively final on May 21, 2021, and so the presumptively reasonable period ended six months later on November 10, 2021. *See* 8 U.S.C. § 1231(a)(1)(B)(i); *see also Kim Ho Ma*, 257 F.3d at 1100, n.5 (holding "'reasonable time period' beyond the 90–day statutory period shall be understood to incorporate the additional three months, and thereby to refer to a *six-month* 'presumptively reasonable' detention period") (emphasis in original). Petitioner shows ICE has determined Eritrea to be "uncooperative" in repatriating its citizens and effectuating removals. Dkt. # 5 at 9 (quoting Dkt. # 5-1 at [ICE Report on Non-Detained Noncitizens with Final Removal Orders and Related Article]). Petition has also made a showing that conditions are unlikely to change in the near future. *See* Dkt. # 5 at 9-11. Thus, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and the burden shifts to the Government to rebut this showing.

Respondents do not engage with Petitioner's showing that removal is not reasonably foreseeable.[2] *See generally* Dkt. # 8. Instead, Respondents say that Petitioner's removal period did not begin until he was taken into custody. Dkt. # 8 at 5-6. Respondents offer no law to support their position, and Petitioner has provided cases stating the opposite. *See Tran v. Bondi*, 2025 WL 3140462 (W.D. Wash. Nov. 10, 2025) (finding petitioner's reasonable time period under *Zadvydas* had expired where he had been detained for more than six-months released and re-detained years later); *see also Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 500 (S.D.N.Y. 2009); *Tadros v. Noem*, 2025 WL 1678501, at *3 (D.N.J. June 13, 2025); *Bailey v. Lynch*, 2016

[2] Respondents also claim that they have no plans to remove Petitioner to a third country. Dkt. # 9 at 3; Dkt. # 8 at 7-8.

WL 5791407, at *2 (D.N.J. Oct. 3, 2016). Thus, the Court concludes Respondents have failed to rebut Petitioner's showing and Petitioner is entitled to release.

## IV

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 5) and ORDERS as follows:

(1) Respondents shall release Petitioner from detention within 24 hours of this order. Upon release, Petitioner shall be subject to reasonable conditions of supervision;

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate; and

(3) The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record.

Dated this 30th day of September, 2026.

John H. Chun
United States District Judge